CALVIN FOSTER & others *vs.* ELI C. GOULDING & others.

If, after the filing of a creditor's petition for insolvency proceedings on the ground of a fraudulent preference, it is fraudulently agreed between the petitioning creditor and the debtor, in order to carry out such preference and to enable the debtor to obtain his discharge, that the debt of the petitioning creditor shall be paid and the petition dismissed, other creditors are entitled to come in and prosecute the petition.

THOMAS, J. This is a case of novel impression, but to be decided by the application of familiar principles. Our system of insolvency is comparatively new, and new questions may well be expected to arise, questions to which the words of the statutes will not furnish a direct answer; but which are not difficult of solution in the light of the general principles upon which a system of insolvency proceeds, and which our statutes recognize and affirm. It was in view of this practical difficulty of foreseeing and providing for every exigency which might arise in the application of the system, that the eighteenth section of the statute of 1838, *c.* 163, was framed, giving to this court jurisdiction in equity over the subject, and " power, in all cases which are not in the statutes otherwise specially provided for, upon the bill, petition or other proper process of any party aggrieved by any proceedings under the act, to hear and determine the case as a court of chancery, and to make such order and decree therein as law and justice shall require."

This is a bill in equity brought under the provisions of this section. To this bill a general demurrer is filed. Upon this demurrer the facts well stated in the bill are to be taken as true.

They are, in substance and in their order, so far as they are material to this inquiry, that Goulding (Eli), Gregory and Clark, lumber merchants, doing business under the firm of Gregory & Clark, were on the 14th of August 1856 insolvent, and, being so insolvent, made a conveyance of all the estate, real and personal, and all the choses in action of every name and nature of said Gregory & Clark, to Henry Goulding and

Harrison Bliss, in contemplation of insolvency, with intent to make to the grantees payment of preëxisting claims and to give them a preference over the other creditors of said firm; the said Henry Goulding and Bliss having reasonable cause to believe that said firm was insolvent, and that said conveyance was made in contemplation of insolvency; that within six months after the making of such conveyance, to wit, on the 12th day of February 1857, one Dana, a creditor of the firm in a debt of an amount exceeding one hundred dollars, and provable against the estate, filed his petition in the court of insolvency for the county of Worcester, setting forth the facts before stated, and praying that after due notice a warrant might issue to take possession of the estate of said insolvents, and that further proceedings might be had for dividing and distributing the same among all the creditors of said Goulding, Gregory and Clark; that upon such petition a notice was ordered and served upon the alleged insolvents, returnable on the 18th of said February, but that "the defendants, before any hearing was had, combining to obtain fraudulent preferences in favor of said Dana, Henry Goulding and Bliss, over the plaintiffs and the other creditors, and to enable said Eli Goulding, Gregory and Clark, Henry Goulding and Bliss, to carry out the fraudulent purpose alleged in said petition, and to defeat and evade the operation of the insolvent laws, and to enable said Eli Goulding, Gregory and Clark to obtain their discharge under proceedings in insolvency to be subsequently commenced by them, did agree that said Eli Goulding, Gregory and Clark should pay or secure to said Dana his said claim, in whole or in part, and that said Dana should withdraw his said petition; that in pursuance of said arrangement said claim was paid or secured, in whole or in part, by the said Eli Goulding, Gregory and Clark, or by some one in their behalf, or by the said Henry Goulding and Bliss, and the same was received by said Dana, and thereupon said Dana neglected and refused to prosecute said petition," but on said eighteenth of February appeared before said court of insolvency and requested that the same should be dismissed; that at the same time the plaintiffs, who had relied upon said petition

and upon its being prosecuted in good faith by said Dana, " also appeared, and applied to said court for a continuance of said cause, which was granted, and the same was thereupon continued to the 26th of said February, when the plaintiffs filed their petition in said court, verified by their oaths, in which they set forth substantially the facts herein before alleged, and prayed to be admitted to prosecute said petition for themselves and all other creditors, and that further notices might be given to the proper parties; which petition was disallowed by said court, and the petition of said Dana also dismissed."

The effect of this arrangement, if it can be successfully carried out by the defendants, is plain. No new petition could be filed till more than six months after the alleged fraudulent conveyance. Upon such new petition the validity of that conveyance could not be tested under the statute of 1841, *c.* 124, § 3, although under this statute, upon the facts stated, the conveyance was clearly void, and the property purported to be conveyed by it would pass to the assignees in insolvency for the benefit of all the creditors, and the making of such conveyance would prevent the granting of a certificate of discharge to the insolvents, or, if granted, render it of no effect. By this arrangement, if valid between the petitioning creditor and the preferred creditors, his debt is paid and their debt is paid, the entire estate of the insolvents exhausted in so doing, and the entire purposes of the statute defeated.

Not only is this the effect of the arrangement; but it is alleged in the bill, and admitted by the demurrer, that such were the object and purpose of the parties in entering into it.

Two questions arise : can this thing be done; and if not, what was the remedy? We think it cannot be done, because an act done in contravention of, and which manifestly tends to defeat the purposes and policy of the insolvent laws, is for that reason fraudulent and void. " A fraudulent contrivance," said Lord Mansfield in *Rust* v. *Cooper*, " with a view to defeat the bankrupt laws, is void, and annuls the act." Cowp. 632. This is well settled doctrine, and diligently and faithfully applied would defeat most of the contrivances and indirections by which the

just and equal operation of the insolvent laws is prevented. See, among others, the recent cases of *Downs* v. *Lewis*, 11 Cush. 78, & authorities cited; *Wyles* v. *Beals*, 1 Gray, 233; *Edwards* v. *Mitchell*, 1 Gray, 239; *Zipcey* v. *Thompson*, 1 Gray, 243.

If then the transaction between petitioning creditors and the preferred creditors was void, by what mode are the rights and interests of the other creditors to be protected? What is the remedy? It is said that their only remedy was the filing of other petitions by the other creditors, which would have been under their own control. It may be that more than one petition could be filed for the same act of bankruptcy, though the decision upon the existence of such cause in the hearing on one petition would probably be conclusive upon all parties in interest, as in the nature of judgment *in rem*. If however the failure to maintain the petition was for want of proof of the debt of the petitioning creditor only, there might be reason for hearing the petition of another creditor whose claim was susceptible of proof. But whether more than one petition could be filed or not, we think more than one is unnecessary, if under it all the essential facts can be proved.

The petition of a creditor under *St.* 1838, *c.* 163, § 19, is not a process for the enforcement of his individual claim. Its object is to put the estate of the debtor into the custody of the law for its division and distribution among all the creditors of the debtor. It avers and proceeds upon the existence and proof of acts done by the debtor, of which such division and distribution are the legal consequence. Indeed, so far from being brought to secure the payment of his own claim, it ordinarily supposes a state of things in which its payment would be a fraud upon the other creditors. Such payment, under the English bankrupt laws, is of itself an act of bankruptcy on the part of the debtor. Archb. Bankr. (11th ed.) 66. And so it was in this case, the facts showing that the debtors were at the time insolvent, and that the petitioning creditor had reasonable cause to believe it.

Such being the purposes of the petition, when it is filed, and notice to the debtors has been issued upon it, we think that

creditors who have received payment or security for their debts, in fraud of the insolvent law, cannot, by combination with the petitioning creditor and by payment in whole or in part of his claim, render the proceedings under it void and of no effect; that the other creditors may well rely upon its being prosecuted in good faith; that if the petitioning creditor fails so to prosecute it, the other creditors may be so far permitted to intervene as to accomplish the purpose for which the proceedings were instituted — the benefit of all the creditors by the equal distribution amongst them of the estate of the insolvent.

If it be suggested that the debt is paid and can no longer be the basis of such petition, the answer is, that in equity it is not paid; that for the purposes of the hearing it is not paid, because the law will not permit the fraudulent arrangement so far to take effect as to defeat its own policy and purposes.

We are of opinion therefore that the demurrer must be overruled, and that a mandamus should issue to the judge of insolvency to hear the petitioners upon their petition, and, if the facts alleged in it shall be found to be true, to permit them to come in and prosecute the original petition of Dana.

No suggestion was made at the argument upon what terms or with what provisions as to costs the plaintiffs should be allowed to come in, and all questions on this point are reserved.

*Demurrer overruled.*

*F H. Dewey,* for the defendants.
*T. L. Nelson,* for the plaintiffs.